**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID WILLIAM ENGSTROM
ADC #159812                                                                                          PLAINTIFF

V.                             CASE NO. 4:15-CV-297-KGB-BD

DOC HOLLADAY, et al.                                                                              DEFENDANTS

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Background:**

David William Engstrom, an Arkansas Department of Correction inmate formerly detained at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  In his complaint, Mr. Engstrom alleges that, while he was housed at the Detention Facility, he was "forced to participate in the practices and observance of Islamic religious belief," in violation of his

first amendment rights.  (#2 at p.3)  Mr. Engstrom alleges that was not allowed to eat for four consecutive days because another inmate fraudulently placed his name on the fasting list for Ramadan.[1]

Based on the allegations in his complaint, Mr. Engstrom adequately stated constitutional claims against Defendants Morgan and Townsend.  His claims against Defendant Holladay, however, were dismissed, without prejudice, as well as his claims against Defendants Morgan and Townsend in their official capacities.[2]  (#14)

Defendants Morgan and Townsend have now moved for summary judgment on Mr. Engstrom's claims against them in their individual capacities.  Mr. Engstrom has responded to the motion, and the Defendants have replied.  (#25, #29, #30)

Based on the evidence presented, the Court recommends that the Defendants' motion for summary judgment (#25) be GRANTED.  Mr. Engstrom's claims should be

---

[1] In his response to the Defendants' motion for summary judgment, Mr. Engstrom complains that he was denied access to three meals a day, rather than claiming that he was denied all meals for four consecutive days.  (#29 at p.7)

[2] In their motion for summary judgment, Defendants argue that Mr. Engstrom's claims against Defendants Morgan and Townsend in their official capacities fail as matter of law.  In his response to the Defendants' motion, Mr. Engstrom seems to allege that Pulaski County has a custom or policy of discriminating against inmates convicted of crimes similar to his.  Because the Court has already dismissed the official capacity claims against the Defendants, and Mr. Engstrom fails to provide any specific facts to support his conclusory statement, the Court will not address that argument in this Recommendation.

DISMISSED, with prejudice.[3]

**III.    Discussion:**

    A.    Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

    B.    Factual History

On or around June 23, 2014, while Mr. Engstrom was held at the Detention Facility, officials there notified all inmates that anyone seeking to observe Ramadan would have to submit a signed request form no later than June 26, 2014. (#27-2 at p.4) It is undisputed that on June 23, 2014, a Ramadan request form was completed for Mr. Engstrom. (#27-2 at p.8)

On June 28, 2014, Mr. Engstrom filed a sick-call request where he explained that he had not signed up for the Ramadan fast but that another inmate had placed him on the list. (#27-2 at p.8) On June 30, 2014, Detention Facility officials received the sick-call

---

[3] In his response to the Defendants' motion, Mr. Engstrom also argues that Defendants violated various Detention Facility policies. Such a claim, however, fails to rise to a constitutional level. *Roberts v. Lombardi*, 512 Fed. Appx. 645 (8th Cir. 2013) (citing *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for prison policy violation).

request. (#27-2 at p.8) In his sick-call request, Mr. Engstrom mentions the erroneous Ramadan fast, but he did not state that he had been denied all meals on that date.[4]

On June 28, 2014, Mr. Engstrom filed a grievance complaining that another inmate had placed him on the list of inmates observing Ramadan. (#27-1 at p.9) In that grievance, Mr. Engstrom did not complain that he had been denied all meals on that date.

On June 30, 2014, the grievance officer received Mr. Engstrom's grievance and noted that the issues raised in the grievance were non-grievable. (#27-1 at p.9) That officer, however, informed Mr. Engstrom that she would have Defendant Townsend look into the matter. (#27-1 at p.10)

On July 1, 2014, Defendant Townsend sent a memorandum to Chaplain James Reynolds regarding the situation. (#27-2 at p.9) On the same date, Chaplain Reynolds removed Mr. Engstrom from the Ramadan list. (#27-2 at p.2)

C.    Deliberate Indifference - Qualified Immunity

The Eighth Amendment to the United States Constitution "prohibits the infliction of cruel and unusual punishments on those convicted of crimes." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296-97, 111 S.Ct. 2321 (1991)). "A prison official is deliberately indifferent if [he] 'knows of and disregards' a serious medical need or a substantial risk to an inmate's health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).

---

[4] It is undisputed that Ramadan began on June 28th in 2014. (#27-2 at p.4)

Here, Defendants argue that they are entitled to qualified immunity on Mr. Engstrom's deliberate-indifference claim against them.  They contend that Mr. Engstrom has failed to present any evidence that either Defendant Morgan or Townsend was deliberately indifferent to any known serious risk to Mr. Engstrom's health or safety.

There is no evidence in this record indicating that either Defendant Morgan or Townsend knew, or had reason to know, that Mr. Engstrom was denied all meals during the time period at issue.  Mr. Engstrom did not notify Detention Facility officials of the lack of food in either the sick-call request or grievance form that he submitted.

The evidence shows that once Defendant Townsend was notified that Mr. Engstrom had been incorrectly placed on the list of inmates observing Ramadan, she acted promptly to remedy the situation.  Furthermore, the undisputed evidence reveals that Detention Facility inmates observing Ramadan received a regular breakfast, no lunch, and a sack that contained both the lunch and dinner meal. (#27-2 at p.4)  Inmates observing Ramadan received 2,550 to 2,600 calories per day, the same as inmates not observing Ramadan. (#27-2 at pp.5-7)  Mr. Engstrom has failed to present any evidence to the contrary.

Based on the undisputed evidence, it is clear that neither Defendant Morgan nor Townsend acted with deliberate indifference to Mr. Engstrom's health or safety.  As a matter of law, Mr. Engstrom's claim fails.

**IV.**   **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#25) be GRANTED.  Mr. Engstrom's claims should be DISMISSED, with prejudice.

DATED this 31st day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE