IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID WILLIAM ENGSTROM
ADC #159812                                                                                    PLAINTIFF

V.                              CASE NO. 4:15-cv-00297-KGB-BD

DOC HOLLADAY, et al.                                                                     DEFENDANTS

### ORDER

Magistrate Judge Beth Deere has filed a Recommended Disposition ("Recommendation") (Dkt. No. 33). After careful review of the Recommendation and plaintiff David William Engstrom's timely objections (Dkt. No. 34), as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 33).

The Court writes separately to address Mr. Engstrom's objections. Mr. Engstrom is an Arkansas Department of Correction ("ADC") inmate formerly detained at the Pulaski County Regional Detention Facility ("PCRDF"). Mr. Engstrom, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that, while he was detained at PCRDF, he was forced to participate in the practices and observances of Islamic religious belief (Dkt. No. 2, at 3). Mr. Engstrom further alleged that he was not allowed to eat for four consecutive days because Mr. Engstrom's anothername was placed on the fasting list for Ramadan. Mr. Engstrom contended that defendants Morgan and Townsend acted with deliberate indifference in denying him food for four days.

This Court previously dismissed Mr. Engstrom's claims against defendant Doc Holladay (Dkt. No. 14). Likewise, the Court dismissed Mr. Engstrom's claims against defendants Morgan and

Townsend in their official capacities (Dkt. No. 14).

Defendants Morgan and Townsend moved for summary judgment on Mr. Engstrom's claims against them in their individual capacities (Dkt. No. 25). Defendants Morgan and Townsend contend that they are entitled to qualified immunity for their actions. The Recommendation agrees, concluding that defendants Morgan and Townsend were not deliberately indifferent to Mr. Engstrom's health or safety and that, as a matter of law, Mr. Engstrom's Eighth Amendment claims fail.

In his objections, Mr. Engstrom contends that defendants Morgan and Townsend were deliberately indifferent because they refused to allow him to be fed three daily meals, citing Mr. Engstrom's inclusion on the Ramadan fasting list. Mr. Engstrom contends defendants Morgan and Townsend did not properly investigate his grievance after determining that the allegations contained therein were "non-grievable." He contends that there is nothing in ADC policy that makes a claim of deliberate indifference "non-grievable." Mr. Engstrom contends that he reported the lack of nutritional food to the medical staff and that he experienced a fall or several falls on the stairs because of the lack of food to sustain him. Mr. Engstrom also complains that he has lost approximately 50 pounds, which started as a result of the denial of meals for the four days he was on the Ramadan fasting list. Mr. Engstrom contends that an evidentiary hearing is warranted.

To prevail on this issue, Mr. Engstrom must show that prison officials were deliberately indifferent to his dietary needs. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Prisoners have a right to nutritionally adequate food. *Id*. Depriving a person of all food for four days would impose a constitutionally significant hardship. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) (citing *Reed v. McBride*, 178 F.3d 849, 853–54 (7th Cir. 1999); *Foster v. Runnels*, 554 F.3d

807, 814–15 and n. 5 (9th Cir. 2009); *Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998)).  Here, however, Mr. Engstrom does not allege that he was entirely deprived of food during the four days he was on the Ramadan fasting list.  Instead, he contends that he was not fed three daily meals.  Defendants Morgan and Townsend contend that all prisoners on the Ramadan fasting list receive breakfast and a sack containing a dinner meal at the end of the day, totaling 2550 to 2600 calories per day.  Mr. Engstrom presents no evidence to the contrary.

The Recommended Disposition appears to conclude that in his complaint, Mr. Engstrom alleges that being forced to participate in the practices and observances of Islamic religious belief violated his rights under the First Amendment to the United States Constitution (Dkt. No. 33, at 1-2).  After a careful review of Mr. Engstrom's complaint, however, this Court concludes that he has not alleged a violation of his First Amendments rights (Dkt. No. 2, at 3).  Instead, throughout his pleadings, Mr. Engstrom has complained that the denial of food as a result of his placement on the Ramadan fasting list constituted cruel and unusual punishment in violation of the Eighth Amendment. In his response to the defendants' motion for summary judgment, Mr. Engstrom contends that he did not fill out the Ramadan fasting form at issue but was signed up either by the defendants or by another inmate (Dkt. No. 29, at 10).  However, Mr. Engstrom states that the purpose of signing him up for the Ramadan fasting list was to inflict intentionally pain and suffering upon him.  While it is unclear to the Court who filled out the paperwork that resulted in Mr. Engstrom being placed on the Ramadan fasting list, the Court does not construe Mr. Engstrom's complaint to contain a claim that his First Amendment rights were violated.

Defendants Morgan and Townsend's motion for summary judgment is granted (Dkt. No. 25).  Mr. Engstrom's claims are dismissed with prejudice.

It is so ordered, this 16th day of September, 2016.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE